UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NICHOLAS VINTERELLA | * | CIVIL ACTION NO: |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| DANILO MARTINEZ LUMPUY, PROGRESSIVE EXPRESS INSURANCE COMPANY, AND AMY CARGO CORP | * | MAGISTRATE: |

******************************************************************************

## NOTICE OF REMOVAL

Progressive Express Insurance Company and Amy Cargo Corp, pursuant to 28 U.S.C. §§ 1441 and 1446, notice the removal of this action bearing case number C714-644 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs and is properly before citizens of different states. The grounds for removal are as follows:

I.

According to the Petition for Damages, plaintiff, Nicholas Vinterella, is a Louisiana resident domiciled in Tangipahoa Parish, Louisiana.

II.

Defendant, Progressive Express Insurance Company, is a foreign insurer duly organized under the laws of the State of Ohio and having its principal place of business in the State of Ohio.

III.

Defendant, Amy Cargo Corp, is a foreign corporation duly organized under the laws of the State of Florida and having its principal place of business in the County of Miami-Dade, State of Florida.

IV.

Defendant, Danilo Martinez Lumpuy, is a Florida resident domiciled in the County of Miami-Dade.

V.

Plaintiff's, Nicholas Vinterella, Petition for Damages alleges that as a result of the subject accident, he sustained:

1.) shoulder pain/injuries;

2.) head pain/injuries;

3.) neck pain/injuries;

4.) back pain/injuries; and

5.) other injuries which will be more fully established at trial

VI.

Plaintiff's, Nicholas Vinterella, Petition for Damages alleges that as a result of the subject accident, he is entitled to recover damages for

1.) physical pain and suffering – past, present and future

2.) mental pain, anguish and distress – past, present and future

3.) loss of enjoyment of life – past, present and future;

4.) lost wages – past, present and future

OUR FILE: 464.0406                                   2

5.) medical expenses – past, present and future; and

6.) Other elements of damages to be more fully set forth at the trial of this matter

Plaintiff has not included any stipulation that his damages do not exceed $75,000.00, exclusive of interest and costs.

VII.

Progressive is in possession of Plaintiff Nicholas Vinterella's limited medical records that he alleges are related to the subject accident. The records indicate the following:

a. Plaintiff's cervical spine MRI revealed facet joint hypertrophy, an annular fissure at C4-5 an annular bulge at C6-7, a disc herniation at C5-6, and moderate to severe narrowing from C5 to C7;

b. Plaintiff's lumbar spine MRI revealed disc bulges at L3-4 and L4-5 with foraminal narrowing and facet effusions, and a disc herniation at L5-S1 with severe left foraminal stenosis

Plaintiff has provided records to Progressive that show his medical expenses to date have approximated $10,771.00 and that he continues to undergo treatment for the injuries he alleges are related to the subject accident.

VIII.

Considering the claim for damages asserted by plaintiff, and considering the time delays allowed for filing this Notice of Removal, Defendants aver that the plaintiffs' claims meet the jurisdictional limit required for removal.

IX.

For purpose of this removal, it is "facially apparent" from the petition that the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, when the plaintiff's claims against defendants are considered, and because plaintiff has not stipulated and the Petition for Damages does not aver that plaintiff's causes of action do not exceed $75,000.00, exclusive of interest and costs, nor does plaintiff's Petition offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to Davis, et al v. State Farm, et al, Case 2:06-cv-00560-SSV-ALC (E.D. La. June 7, 2006).

X.

To determine whether jurisdiction is present for removal, federal courts consider the claims made in the state court petition as they existed at the time of removal. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F. 3d 730 (5th Cir. 2002).

XI.

If, under state law, the plaintiff will not be limited to recovery of the amount pleaded in his lawsuit, the Court must look to the true amount in controversy. See De Aguilar v. Boeing Co., 47 F. 3d 1404, 1410 (5th Cir. 1995).

XII.

"This maxim contemplates the existence of a state statute or doctrine that entitles a plaintiff to recover more than he has demanded. Louisiana is such a state, and has been at least since 1960 when its Code of Civil Procedure was enacted." Grant v. Chevron Phillips Chemical Co., 309 F. 3d 864, 869 (5th Cir. 2002).

XIII.

"It is a general rule that the sum claimed by the plaintiff controls if the claim is apparently made in good faith." <u>De Aguilar</u>, 47 F. 3d at 1408 (quoting <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 288 (1938)).  However, '[t]he face of the plaintiff's pleading will not control if made in bad faith.' <u>Id.</u> at 1410; <u>see</u> <u>Pendleton v. Parke-Davis</u>, 2000 WL 1808500  (E.D. La. 2000); <u>see also</u> <u>Shaffer v. Palm Harbor Homes, Inc.</u>, 328 F. Supp. 2d 633, 635 (N.D. Miss. 2004); <u>Hood v. Gulf States Pipeline Corp.</u>,  2006 WL 548625 (W.D. La. 2006).

XIV.

In <u>Grant</u>, the Fifth Circuit stated:

> To accommodate the situation when the removal sought is from a Louisiana court and subject matter jurisdiction is grounded in diversity of citizenship, we have modified the usual rule for determining whether the amount in controversy is present. In such Louisiana situations, we permit the party seeking to maintain federal jurisdiction to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. When the case is one that has been removed from state court, such party may satisfy this burden in either of two ways: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000 or (2) "by setting forth <u>the facts</u> in controversy- preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount."

(Internal citations omitted.)  (Emphasis in original.)

XV.

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a "legal certainty" that the amount in controversy does not exceed $75,000." <u>Grant</u>, 309 F. 3d at 869, quoting <u>De Aguilar</u>, 47 F. 3d at 1412; <u>see also</u> <u>Hood v. Gulf States Pipeline Corp.</u>, 2006 WL 548625, (W.D. La. 2006).

OUR FILE: 464.0406                                      5

XV.

Defendant Progressive was served with the Petition for Damages in this matter on January 12, 2022. Therefore, this Notice of Removal is timely pursuant to 28 U. S. C. § 1446(b).

XVI.

If Danilo Martinez Lumpuy is served with this lawsuit, undersigned counsel will represent him, and he will consent to this Removal.

XVII.

While defendants admit no liability nor any element of damages, under the rules of <u>DeAguilar</u> and <u>Grant</u>, Progressive and Amy Cargo Corp have met their burden of showing by a preponderance of evidence that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS.

XVIII.

Concurrent with the filing of this Notice of Removal, written notice is being given to all adverse parties and a copy of this Notice of Removal is being filed with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

WHEREFORE, Defendants, Progressive Express Insurance Company and Amy Cargo Corp, hereby give notice that the proceeding bearing number C714-644 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana., has been removed to the docket of this Court for trial and determination as provided by law. Removing defendants pray that this Court enter such order and issue such process as may be proper to bring before it a copy of all records and proceedings in the State Court case, and there upon proceed with the civil action as if it had originally commenced in this Court.

Respectfully submitted;

**S/Patrick D. DeRouen**
**PATRICK D. DeROUEN (#20535)**
**DORIS A. ROYCE (#33698)**
**CHRISTOPHER J. SEEMANN (#36939)**
DeROUEN LAW FIRM
650 POYDRAS STREET, SUITE 1913
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: 504-274-3660
FACSIMILE: 504-274-3664
Email: pderouen@derouenlaw.com
         droyce@derouenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2022, a copy of the above and foregoing was served on all counsel of record by the electronic filing system/ECF.

**S/Patrick D. DeRouen**
**PATRICK D. DeROUEN, ESQUIRE**
**DORIS A. ROYCE, ESQUIRE**
**CHRISTOPHER J. SEEMANN, ESQUIRE**