UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**NICHOLAS VINTERELLA**                            **CIVIL ACTION NO.**

**VERSUS**

**DANILO MARTINEZ LUMPUY, ET AL.**                 **22-100-SDD-EWD**

### NOTICE AND ORDER

This is a civil action involving claims for damages by Nicholas Vinterella ("Plaintiff") based upon the injuries he allegedly sustained on January 16, 2021 while travelling on Interstate 10 in Baton Rouge, Louisiana (the "Accident"). Plaintiff's vehicle was allegedly struck by the vehicle driven by Defendant Danilo Martrinez Lumpuy ("Lumpuy"), who was operating a Freightliner owned by Defendant Amy Cargo Corp. ("ACC") and insured by Defendant Progressive Express Insurance Company ("Progressive").[1] On January 4, 2022, Plaintiff filed his Petition for Damages ("Petition") against Defendants in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[2] Plaintiff claims that he suffered personal injuries as a result of the Accident, caused by the negligence of Lumpuy, for which ACC is vicariously liable.[3] On February 10, 2022, ACC and Progressive ("Defendants") removed the matter to this Court, based on diversity jurisdiction under 28 U.S.C. § 1332.[4] However, as explained below, the Notice of Removal is deficient in its allegations regarding the amount in controversy.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court.

---

[1] R. Doc. 1-3, ¶¶ 3-6, 12.
[2] R. Doc. 1-3.
[3] R. Doc. 1-3, ¶¶ 2, 8-11, 13-15.
[4] R. Doc. 1, introductory paragraph. Defendants aver that Lumpuy has not yet been served, but if he is served, he will be represented by the same counsel and will consent to removal. R. Doc. 1, ¶ XVI.

The Petition properly alleges that Plaintiff is domiciled in Louisiana and Lumpuy is domiciled in Florida.[5] The Notice of Removal properly alleges that Progressive is an Ohio corporation with its principal place of business in Ohio and ACC is a Florida corporation with its principal place of business in Florida; therefore, complete diversity of citizenship appears to exist.[6]

It is not clear from the Petition or the Notice of Removal whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[7] The Petition only generally alleges that Plaintiff was in a "violent collision" following which he suffered pain and injuries to his shoulder, head, neck, back, and "other," and seeks past, present, and future: physical pain and suffering; mental pain, anguish and distress; loss of enjoyment of life; lost wages; and medical expenses.[8]

In the Notice of Removal, Defendants rely on the above-referenced allegations of damages in the Petition,[9] and also assert the following:

> VII.
>
> Progressive is in possession of Plaintiff Nicholas Vinterella's limited medical records that he alleges are related to the subject accident. The records indicate the following:
>
> a. Plaintiff's cervical spine MRI revealed facet joint hypertrophy, an annular fissure at C4-5 an annular bulge at C6-7, a disc herniation at C5-6, and moderate to severe narrowing from C5 to C7;
> b. Plaintiff's lumbar spine MRI revealed disc bulges at L3-4 and L4-5 with foraminal narrowing and facet effusions, and a disc herniation at L5-S1 with severe left foraminal stenosis
>
> Plaintiff has provided records to Progressive that show his medical expenses to date have approximated $10,771.00 and that he continues to undergo treatment for the injuries he alleges are related to the subject accident.[10]

---

[5] R. Doc. 1-3, introductory paragraph and ¶ 1(c).
[6] R. Doc. 1, ¶¶ II, III.
[7] *See* 28 U.S.C. §1332(a).
[8] R. Doc. 1-3, ¶¶ 6, 8-9, and *see* prayer for damages seeking compensatory damages.
[9] R. Doc. 1, ¶¶ V-VI.
[10] R. Doc. 1, ¶ VII.

Defendants also rely upon Plaintiff's failure to include a binding stipulation, stipulating that his damages will not exceed $75,000, and the lack of an La. C.C.P. art. 893 statement in his Petition, affirmatively renouncing the right to accept a judgment in excess of $75,000, exclusive of interest and costs.[11]

The foregoing is not sufficient to establish Defendants' burden of establishing by a preponderance of the evidence that Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. First, Plaintiff's nonspecific allegations of "shoulder pain/injuries," *etc.*, and demands for general categories of damages in the Petition (echoed in the Notice of Removal) (*e.g.*, past and future pain and suffering, mental anguish, lost wages and medical expenses),[12] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[13]

While the Notice of Removal presents additional facts with respect to Plaintiff's injuries and damages, they are insufficient to establish that the amount in controversy is met. Specifically, the Notice of Removal reflects that, based on "limited" medical records that have not been provided,[14] Plaintiff has been diagnosed with three bulging and two herniated discs, among other

---

[11] R. Doc. 1, ¶¶ VI and IX.
[12] R. Doc. 1-3, ¶¶ 8-9 and R. Doc. 1, ¶¶ V-VI.
[13] *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cited cases.
[14] Defendants reference having "limited" medical records, consisting of records that Plaintiff contends are related to the accident, which implies that there are additional records that Defendants have not yet obtained. However, as one court recently noted, "[i]f the removing defendant does not have facts sufficient to support removal when the original petition is received, it is the removing defendant's responsibility to discovery those facts *before* effecting removal. That is precisely why the 'other paper' removal rule exists, to ensure that removals will not be filed 'before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence.'" *Bonvillian v. National Liability & Fire Ins. Co.*, No. 16-1708, 2017 WL 892311, at *3 (W.D. La. Feb. 1, 2017) (quoting *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002)). The Fifth Circuit has repeatedly cautioned against protective removals and has established timing rules that allow a defendant to engage in discovery regarding the amount in controversy

injuries.[15]  Bulging discs, even treated with steroid injections, have been held insufficient to establish the amount in controversy;[16] and "[t]his court recognizes that '[w]hether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is recommended.'"[17] There is no surgery recommendation in the record.

Defendants have not included any of Plaintiff's medical records but aver that Plaintiff has only $10,771 in medical expenses for treatment over an unspecified amount of time that could, at most, range over thirteen months.[18]  Additionally, while Defendants claim that Plaintiff's treatment is ongoing, there is no projection of estimated future medical treatment costs.  Defendants have also not provided any details regarding whether Plaintiff's injuries are permanent or Plaintiff's prognosis and recommended future treatment, including whether Plaintiff has been recommended for surgery.  There is also no evidence of any settlement demands or discovery responses that

---

before filing a notice of removal. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 162 (5th Cir. 1992); *Mumfrey v. Powermatic, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013); *Bosky*, 288 F.3d at 211.  Defendants are advised that requests for jurisdictional discovery regarding the amount in controversy are generally denied as a matter of course.  *See, e.g., Hopkins v. Crown Assocs., LLC,* No. 18-595, 2018 WL 8496020, at *8 (M.D. La. Oct. 25, 2018), *report and recommendation adopted sub nom., Hopkins v. Crown Associated, LLC,* No. 18-595, 2019 WL 1199470 (M.D. La. Mar. 14, 2019) (denying request for jurisdictional discovery on the amount in controversy during the pendency of a motion to remand).

[15] R. Doc. 1, ¶ VII.

[16] *See Shelton v. Hallmark Trucking Ins. Co.,* No. 17-1683, 2018 WL 1998341, at *4 (M.D. La. Mar. 27, 2018), *report and recommendation adopted sub nom., Shelton v. Hallmark Specialty Ins. Co.,* No. 17-01683, 2018 WL 1997543 (M.D. La. Apr. 27, 2018): "[A] general review of quantum cases demonstrates that general damages awards for multiple bulging discs often (if not more often than not) do not exceed $30,000-$45,000, even where the plaintiff is actually treated with steroid injections," *citing Cole v. Mesilla Valley Transportation*, No. 16-841, 2017 WL 1682561, *5 (M.D. La. March 14, 2017) (citations omitted).

[17] *Thomas v. Louis Dreyfus Commodities, LLC,* No. 15-394, 2016 WL 1317937, at *4 (M.D. La. Mar. 11, 2016), *report and recommendation adopted,* No. 15-394, 2016 WL 1337655 (M.D. La. Apr. 1, 2016), *citing Robinson v. Kmart Corp.*, No. 11–12, 2011 WL 2790192, at *4, n. 4 (M.D. La. Apr. 28, 2011), *report and recommendation adopted,* 2011 WL 2937952 (M.D. La. July 14, 2011)).  Accordingly, courts have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff seeking damages including those for a herniated disc meets the amount in controversy requirement when balanced with other factors in the record. *See, e.g., Hebert v. Hanco Nat. Ins. Co.*, No. 07–362, 2009 WL 255948, at *4-5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff "suffers from a herniated disc, without any recommendation for surgery" and the plaintiff "continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish"); *Espadron v. State Farm Mut. Auto. Ins. Co.,* No. 10–53, 2010 WL 3168417 (E.D. La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiff in car crash suffered a "herniated cervical disc [or] segmental cervical instability" and a "herniated lumbar disc [or] segmental lumbosacral instability" and was a "potential surgical candidate" and plaintiff stipulated that his damages did not exceed $50,000).

[18] R. Doc. 1-3, ¶ 3 (January 16, 2021 date of accident).

4

would have bearing on the amount in controversy, nor does the Petition demand a jury trial.[19]  This is simply insufficient to meet the jurisdictional threshold.[20]

Similarly, the failure of a plaintiff to enter into a binding stipulation, and the lack of an Article 893 statement in the Petition, are insufficient to establish that the requisite amount in controversy is met.[21]  Defendants have not yet met their burden of establishing that the amount in controversy is satisfied.  Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[22]

Accordingly,

---

[19] While a jury trial demand by Plaintiff would not be dispositive of the amount in controversy, it would be another piece of information to consider.  *See, e.g., Batiste v. Stryker Corp.*, No. 19-574, 2020 WL 2245845, at *4 (M.D. La. April 22, 2020), *report and recommendation adopted*, No. 19-574, 2020 WL 2296892 (M.D. La. May 7, 2020) ("While this Court has repeatedly held that a demand for jury trial and a lack of Article 893 allegation are insufficient alone to establish amount in controversy, they are factors to be considered.")(citation omitted).

[20] This Court recently *sua sponte* remanded a factually similar case for lack of the requisite amount in controversy. *See McFarland v. Nat'l Interstate Ins. Co.*, No. 21-314-JWD-EWD, 2021 WL 5629263, at *3 (M.D. La. Nov. 15, 2021), *report and recommendation adopted,* No. 21-314-JWD-EWD, 2021 WL 5629229 (M.D. La. Nov. 30, 2021), which involved a plaintiff injured in a motor vehicle accident. Removing defendants argued that amount in controversy was established by limited medical records filed into the record reflecting two bulging cervical discs, two herniated discs, and "abnormal straightening of the cervical lordosis," a head laceration, bilateral neck and upper/lower back pain, frequent moderate right knee pain, constant daily headaches with pain, and also reflecting diagnoses of "moderately acute" cervical facet joint disorder and muscle spasms, sprains, strains, and dysfunction of other areas of the plaintiff's back, as well as headaches and a knee contusion, and "moderately acute" cervical hypolordosis and lumbar facet joint disorder.  The plaintiff had only $4,501 in past medical expenses for ten months of conservative treatment.

[21] *See Rodney v. Waffle House, Inc.*, No. 18-481, 2018 WL 6829041, at *8 (M.D. La. Oct. 22, 2018), *report and recommendation adopte*d, No. 18-481, 2018 WL 10809995 (M.D. La. Dec. 18, 2018) ("As an initial matter, there is no indication that Defendant ever requested that Plaintiff execute a stipulation regarding the amount in controversy prior to removal. Even assuming, *arguendo*, that Plaintiff actually refused to stipulate that the amount in controversy was less than $75,000 prior to removal, this Court has explained that a plaintiff is under no legal obligation to sign such a stipulation, and that the failure to stipulate is but one factor that the court may consider when analyzing whether the amount in controversy is present.") (citations omitted).  *See also Lowe v. State Farm Fire & Cas. Co.*, No. 07-7454, 2008 WL 906311, at * 2 (E.D. La. April 2, 2008) ("State Farm emphasizes both in the notice of removal and in its opposition that Plaintiffs did not file a pre-removal binding stipulation regarding the amount in controversy. However, Plaintiffs' failure to do so does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied.").  *See also Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403-JVP-CN, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) (noting: "…all three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy.).

[22] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

5

**IT IS ORDERED** that, by no later than **March 21, 2022,** Defendants Amy Cargo Corp. and Defendant Progressive Express Insurance Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.[23]

**IT IS FURTHER ORDERED** that, by no later than **April 4, 2022**, Plaintiff Nicholas Vinterella shall file either: (1) a Notice stating that Plaintiff does not dispute that Defendants has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, March 7, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[23] 28 U.S.C. § 1447(c) provides, in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."